IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | NO. 1:13-cv-00005 SOM/BMK |
| Plaintiff, | ) ) | DISMISSAL ORDER |
| vs. | ) ) | |
| BRG CLOCK INCIDENT, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT AND ACTION

Before the court is *pro se* plaintiff Francis
Grandinetti's prisoner civil rights action.  Grandinetti is a
Hawaii inmate confined at the Saguaro Correctional Center
("SCC"), in Eloy, Arizona.  Grandinetti complains that he was
recently handcuffed, interviewed, determined to be a mental
health risk, and placed in segregation.  He has not submitted an
*in forma pauperis* application or paid the $350 statutory filing
fee for commencing this action.

## I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a
civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

At least three of Grandinetti's prior lawsuits qualify as "strikes" under § 1915(g):

(1) *Grandinetti v. U.S. Marshals Serv.*, 1:00-cv-00489 SOM-KSC (D. Haw., § 1983 case dismissed for failure to state a claim, Aug. 1, 2001);

(2) *Grandinetti v. Bobby Ross Group Inc., et al.*, 1:96-cv-00117 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Mar. 5, 1999); and

(3) *Grandinetti v. Iranon, et al.*, 1:96-cv-00101 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Jan. 26, 1998).[1]

*See* PACER Case Locator, http://pacer.psc.uscourts.gov.

---

[1] The court has notified Grandinetti of his strikes numerous times. *See e.g.*, *Grandinetti v. Champion Air*, 1:12-cv-00528 SOM; *Grandinetti v. Inverness Med. Co.*, 1:12-cv-00489 HG, *Grandinetti v. U.S. Attorney Gen.*, 1:12-cv-00430 HG. Grandinetti did not appeal the three-strikes determinations in these cases.

Grandinetti may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

## II.  Imminent Danger

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.  Claims concerning "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

The court has carefully reviewed the Complaint and its seventeen exhibits.  Apparently, Grandinetti was recently removed from his cell and placed on suicide watch.  He claims that

3

Defendants, who are apparently SCC staff in Arizona, tried to "provoke an argument or a beating."  Compl., ECF #1, PageID #1. In one exhibit, Grandinetti states that his handcuffs were tight. Nothing within the Complaint or its exhibits suggests to the court that Grandinetti is now in imminent danger of serious physical injury, however.  At most, he appears to be asserting past abuse.  He may not proceed without prepayment of the civil filing fee.

        The Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).  He may reassert these claims in a new action by concurrently submitting the entire $350.00 filing fee.  Any pending motions are DISMISSED.  The Clerk shall close the case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, January 15, 2013.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

*Grandinetti v. BRG Clock Incident, et al.*, 1:13-cv-00005 SOM/BMK; Dismissal Order; G:\docs\prose attys\3 Strikes Ords & OSCs\DMP\2013\Grandinetti 13-05 SOM (BRG Clock incident 1915(g)).wpd